## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

```
IN RE LETTER OF REQUEST         )
FROM RUSSIA                     )
IN THE MATTER OF                )        Misc. No. 07-
NOVIS PLUS, LTD.                )
```

### GOVERNMENT'S MEMORANDUM OF LAW
### IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a  letter of request from Russia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Russian authorities who are investigating a case of alleged VAT tax fraud.

EVIDENCE SOUGHT:

The Russian authorities seek information about a company that may reside in this District and the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a)   The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any  interested  person  and  may  direct  that  the

testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.    By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.    The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.    To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, " (t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." In Re Letter of Request from the Crown Prosecution Services of the United Kingdom, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the

information sought is for use in such proceedings in Russia and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 3/15/07

**Ms. Mary Ellen Warlow**
**Director**
Office of International Affairs
US Department of Justice

*26* 09.2006   Our ref. 35/2-2605-06

1301 New York Ave. NW
Washington, D.C. 20005

Dear Ms. Warlow,

The Prosecutor General's Office of the Russian Federation presents its compliments to the Department of Justice of the United States of America and has the honour to inform you that pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters of 06/17/99 we have the honour to request legal assistance in criminal case No. 011825, which was instituted on the elements of the crime stipulated by Art. 159, part 4 (fraud) of the Criminal Code of the Russian Federation.

The performance of the investigative actions in the territory of the United States of America is necessary in order to ensure comprehensive preliminary inquiry.

Please be advised that procedural criminal law of the Russian Federation envisages limited terms of the prejudicial investigation in criminal matters. Procedural terms violation may adversely affect the results of criminal investigation and bringing to justice the accused.

In view of the above, please take all necessary measures to execute the above-mentioned request as soon as possible prior to 01.01.2007 and forward the results, or inform of the reasons why it cannot be executed, to Main Department for International Legal Cooperation, Prosecutor General's Office of the Russian Federation.

The Prosecutor General's Office of the Russian Federation guarantees that the information and documents obtained in the course of execution of the request will be used for the purposes of the investigation only and will not cause any harm to the sovereignty, security and public order of the United States of America.

The Prosecutor General's Office of the Russian Federation thanks you in advance for your cooperation and confirms its readiness to provide similar or other kind of legal assistance in criminal matters to the law-enforcement agencies of the United States of America.

Enclosure: 19 pages.

Deputy Head
Legal Assistance Department
Main Department for International Legal Cooperation   . Gribinyuchenko

Translated into English by M. Kouznetsova

To competent authority of
the United States of America

ASSIGNMENT ABOUT LEGAL REDRESS RENDERING

Investigative office at the Department of Internal Affairs of the Novgorod region of the Ministry of Internal Affairs of the Russian Federation investigates criminal case № 011825 (when answer we ask to refer to our number).
The given criminal case is incited on 3 May 2006 on the basis of the criminal case set by the part 4 article 159 of the Criminal code of the Russian Federation (further in the text CC RF) against the head of the company with limited liability (further in the text Ltd.) « Novis plus » - Kuchin Andrey Nikolaevich, citizen of the Russian Federation. (the Full text of the article 159 CC RF is given in the appendix to the present assignment).

Circumstances of the case:

During the period of time from 2002 up to 2004 inclusive the head of « Novis plus » Ltd. , registered in the Russian Federation, legal address: Velikiy Novgorod street Shitnay, house 6, apartment 2 Kuchin Andrey Nikolaevich date of birth ▓▓▓▓▓▓ was carrying out foreign-economic activity, he imported goods to the Russian Federation and realized goods in the territory of the Russian Federation.
So, according to contracts № 015 from 03.01.2002 between « Novis plus » Ltd. and " SIA " Neri-BK», № 014 from 14.11.2002 between « Novis plus » Ltd. and " Binar-E ", and № 011 from 11.05.2004 between « Novis plus » Ltd. and " LAS-1", from firms " Binar-E " - the USA, "LAS-1" - Latvia, SIA "Neri-BK" - Latvia goods came to the territory of the Russian Federation for less than fair value to "Novis plus" Ltd. There was good valuation adjustment at the Novgorod custom-house. In view of the given adjustment and on the basis of the above-stated contracts " Binar-E " - the USA, "LAS-1" - Latvia, SIA "Neri-BK" - Latvia, paid customs payments including the value added tax (further in the text VAT) for « Novis plus » Ltd. as an advance payment.
From accounting documents of «Novis plus » Ltd. follows, that the given goods were sold to " Sunshine " Ltd., "Newco " Ltd. and "Oktan" Ltd. with the insignificant extra charge from cost of the goods specified in shipping documentation of firms " Binar-E " - the USA, "LAS-1" - Latvia, SIA "Neri-BK" - Latvia. And « Novis plus » Ltd. reckoned with "Binar-E " - the USA, "LAS-1" - Latvia, SIA "Neri-BK" - Latvia by paying off debts on advance payments during some time through the settlement accounts of the given firms, and then with the help of allegedly transfer of bills of credit of " Sunshine" Ltd., "Oktan" Ltd. and with the help of transfer of bills of credit of " Binar-E ", and "Neri-BK".
Actually the given goods imported by « Novis Plus » Ltd. were realized in "Next" Ltd. ▓▓▓▓▓▓▓▓ legal address: Novgorod region, village Chechulino. Postal address: Velikiy Novgorod, street Shitnay, house 6, apartment 3. Its founder is Kuchin Andrey Nikolaevich, and directors during the different period were Kuchin

Andrey Nikolaevich and Chadov Vladimir Leonidovich) in the territory of the Russian Federation. Thus "Next" Ltd. acted as a commercial agent of fictitious Moscow firms and sold the goods with significant (up to 400 %) extra charge, transferring money for goods to the settlement accounts of fictitious Moscow firms.

Thus, «Novis plus» Ltd. did not bear any expenses connected with value added tax on goods imported to the territory of Russia. However, the head of « Novis plus» Ltd. – Kuchin A.N. sent to Inter-regional Inspection of Federal tax administration (further in the text II FTA) №9 of Russia in the Novgorod region an application to return value added tax and according to conclusions made by II FTA №9 of Russia in the Novgorod region allegedly paid tax was transferred to the settlement account of «Novis plus» Ltd.

Thus, Kuchin A.N. by deceitful means has stolen property from the budget of the Russian Federation in especially large -scale, namely, has lawlessly refund VAT for the period of 2002-2004 from the budget to the total amount of 12 592 002 rubles this is especially large scale, so he has committed a crime, set in part 4 article 159 CC RF.

According to the contract № 014 from 14.11.2002 **SIA « BINAR-E »** during 2002-2004 had the following essential elements: the USA, 12260 Willow Grove Road, Bldg. #2, Camden, Delaware 19934, County of Kent Reg. No 991054980-3005603. Pisarev V.V. is a fiduciary, Oks Eugeny is the head.

On the instructions of **SIA « BINAR-E»** before moving during 2002-2004 goods were stored in customs warehouse of joint-stock company "ABAVA", located in Latvia and during 2004 in customs warehouses of «PAL'ASSARE TOLLILADU OU» and « VILASTRA OU», located in Estonia.

According to the testimonies of Kuchin A.N. the head of « Novis plus » Ltd, Eugeny Oks, the head of **SIA "BINAR-E"** suggested him to create « Novis plus » Ltd. in the Russian Federation. He gave for the signature the bargain and sale contract on goods given to «Novis plus» Ltd. with the firms registered in the Russian Federation : "Sunshine" Ltd, " Oktan" Ltd., "Newco" Ltd., "Levanda" Ltd., " Initiativa" Ltd., "Bastok" Ltd., " Mavion" Ltd.. Eugeny Oks charged goods and «Novis plus» Ltd. should use that price to sell goods in the Russian Federation. Money, which «Novis plus» Ltd. received from the budget of the Russian Federation as the refunded tax, the head Kuchin A.N. gave to Eugeny Oks for repayment of debts on advance payments during the personal meeting.

In connection with everything mentioned here, for the full and objective investigation of the case, to establish and catch people who are guilty of commission of crime, there was a necessity to carry out investigative action in the territory of the United States of America.

On the basis of the Contract between the Russian Federation and the United States of America about mutual legal redress on criminal cases from June, 17, 1999 I ask:

1. To get information whether the firm **SIA "BINAR-E"** has been registered during 2002-2004 to the address: the USA, 12260 Willow Grove Road, Bldg. #2, Camden, Delaware 19934, County of Kent Reg. No 991054980-3005603 and whether it is registered now in the territory of the USA.

2. If firm **SIA «BINAR-E»** is registered now in the territory of the USA, I ask to get the information from the above-stated company in written form: who was its head for the period of 2002-2004.

3. To establish the location of the fiduciary specified in essential elements of the contract of company SIA « **BINAR-E** » - Pisarev Vjacheslav, the head - Oks Eugeny.

4. When the location of Oks Eugeny and Pisarev Vjacheslav is established to interrogate them as witnesses (if it is established, that the head of SIA « BINAR-E » is the other person to interrogate him/her as a witness).

Before examination as witnesses of people specified in the assignment, I ask to explain them rights and duties of the witness set by article 56 of the Procedure criminal Code of the Russian Federation and by clause of articles 307, 308, 310 Criminal code of the Russian Federation if it does not conflict with the legislation of the USA. The full text of articles is given in the appendix to the present assignment.

During the interrogation and at the end I ask to make the written report and to specify the following data in it:

- Place and date of interrogation;
- Time of the beginning and the end of interrogation;
- Post, surname, name of the official person who performs interrogation;
- Surname, name of the interrogated person;
- His/her date of birth;
- Place of birth;
- Residence or registration;
- Citizenship;
- Education;
- Marital status, structure of family;
- Place of work or study;
- Military duty;
- Presence of the previous conviction;
- The given passports or other document that certifies the identity of the witness.

I want You to ask witness the following questions:

- How do they relate to the creation of « Novis plus » Ltd., registered in the Russian Federation?

- Do they have acquaintance with the head of « Novis plus » Ltd. Kuchin Andrey Nikolaevich if yes under what circumstances have they got acquainted, what relations do they have?

- Are there financial and economic relations between **SIA « BINAR-E »** and «Novis plus» registered in the Russian Federation, if yes, when and according to what contract?

- With whom from the representatives of «Novis plus» Ltd. did they directly have business contacts which led to contracts negotiation, how did their firm get into business contact with « Novis plus » Ltd. ?

- Who was acting as the representative of SIA « BINAR-E » when the contracts with « Novis plus » Ltd. were negotiated and who was the representative of « Novis plus » Ltd.?

- By whose instruction goods that were sold according to the contract № 014 from 14.11.2002 were transported over Russia and who paid for transport ?

- Who from the representatives of **SIA « BINAR-E »** put the goods in storage of joint-stock company "ABAVA" located in Latvia during 2002-2004 under the contract № 014 from 14.11.2002, and during 2004 to customs warehouse «PAL'ASSAARE TOLLILADU OU», located to the address: Estonia, Tallinn, street Pal'assaare, house 41 and « VILASTRA OU », located to the address: Estonia, 80041, P'arnu, street Casse, house ? Who gave instructions of consignment?

- How did « Novis plus » Ltd. pay for advance payments at customs house of the Russian Federation and for the goods delivered for « Novis plus » Ltd.?

- Did **SIA « BINAR-E »** give bills of credit for " Sunshine " Ltd, " Oktan "Ltd. and "Newco" Ltd, registered in Saint Petersburg and Leningrad region, Russian Federation, if yes , in what connection were they given with?

To get from the head of SIA « BINAR-E » the certified copies of bills of credit.

- Where are now the bills of credit which were handed to **SIA « BINAR-E »** by « Novis plus » Ltd. to pay off debts on advance payments at customs house?
If the given bills were taken to the Russian Federation what customs house were they moved through?

- Do they keep up an acquaintance with heads or representatives of the following firms registered in the Russian Federation: "Sunshine" Ltd., "Oktan" Ltd., "Newco" Ltd., "Levanda" Ltd., " Initiativa" Ltd, "Bastok" Ltd., " Mavion" Ltd.?

- Who from the firms specified in the previous question had business contacts with the representative of **SIA « BINAR-E »** about sales of goods, delivered for « Novis plus » Ltd. and how did these business contacts appear?

- Who handed sale contracts for goods delivered to "Novis Plus" Ltd. to the representatives of SIA « BINAR-E » from firms registered in the Russian Federation: "Sunshine" Ltd., "Oktan" Ltd., "Newco" Ltd., "Levanda" Ltd., " Initiativa" Ltd., "Bastok" Ltd., " Mavion" Ltd.?

- What do they know about further movement of goods delivered by their company to the Russian Federation (namely, about transactions with "Sunshine" Ltd., "Oktan" Ltd., "Newco" Ltd, registered in Saint Petersburg and Leningrad region, Russian Federation and further movement of goods) and why was the goods for « Novis plus » Ltd. delivered at the price below market?

- How did their company find out about the terminal of delivery of goods and about the final buyers specified in shipping documents (CMR - motor bill of lading)?

- Do they know " Next " Ltd. registered in Velikiy Novgorod, Russian Federation, its management, other representatives and how does this firm relate to the goods delivered for « Novis plus » Ltd.?

- Did the head of « Novis plus » Ltd., Kuchin A.N. give available funds to sink a debt on advance payments paid by their firm at custom house of the Russian Federation according to the contract № 014 from 14.11.2002? If yes, suggest to present copies of the documents that can confirm it.

If the head or the representative of SIA « BINAR-E » doesn't know Eugeny Oks and Pisarev I., to specify the given data in the report.

After answers to the questions, I ask to suggest the witness to read the report and to make remarks if it is necessary. The contents of remarks or their absence I ask to specify in the written form. At the end of interrogation I ask the witness and the official who performed the interrogation to sign the document.

5. At rating authority( or any other authority)I ask to receive copy of the form that available funds were used by firms that have registration the USA, according to the legislation of the country during 2002-2004.

I ask you to send the results of execution of the present assignment to Investigative committee at the Ministry of Internal Affairs of Russia. If there is a delay with execution of the present assignment, and also in case of full or partial refusal in legal redress I ask to inform Russian side through the Interpol channels immediately .
The information in the present assignment is confidential and is for administrative use only because it is a secret of investigation. From our part we guarantee, that the data received as a result of execution of the assignment is non-transferable to the third parties and will be used in the interests of the criminal case investigation only.
We will be grateful for Your assistance, and we are eager to render You legal redress in short terms.

Address and contact phones, fax:

Russian Federation, 103009, Moscow, Gasetny pereulok house 6. Investigative committee at the Ministry of Internal Affairs of Russia.

Ph. + 7-8162-981-483 - the inspector

    +7-8162-981-398 – IC office at the Department of Internal Affairs NO

Fax +7-8162-981-435

    +7-8162-981-437


Senior inspector Investigative Department
Department of Internal Affairs Novgorod region
Captain of justice                                                  Markina T.A.

appendix

Extract from the Criminal code of the Russian Federation
Chapter 21 Crimes Against Property (articles 158-168)

Article 159. Swindling

1. Swindling, that is, the stealing of other people's property or the acquisition of the right to other people's property by fraud or breach of trust, -
shall be punishable by a fine in the amount of up to 120 000 rubles, or in the amount of the wage or salary, or any other income of the convicted person for a period of up to one year, or by compulsory works for a term of up to 180 hours, or by corrective labor for a term of six months up to one year, or by arrest for a term of two up to four months, or by deprivation of liberty for a term of up to two years.

2. Swindling committed by a group of persons in a preliminary conspiracy with the infliction of considerable damage on an individual -
shall be punishable by a fine in the amount of up to 300 000 rubles, or in the amount of the wage or salary, or any other income of the convicted person for a period of up to two years, or by compulsory works for a term of 180 to 240 hours, or by corrective labor for a term of one year to two years, or by deprivation of liberty for a term of up to five years.

3. Swindling committed by a person through his official position, on a large scale
shall be punishable by a fine in the amount of 100 000 to 500 000 rubles, or in the amount of the wage or salary, or any other income of the convicted person for a period of one to three years, or by deprivation of liberty for a term of two to six years, with a fine in the amount of up to 10 000 rubles, or in the amount of the wage or salary, or any other income of the convicted person for a period of up to one month, or without any fine.

3. Swindling committed by an organized group or on a large scale;
shall be punishable by deprivation of liberty for a term of five up to ten years, with a fine in the amount of up to 1 000 000 rubles, or in the amount of the wage or salary, or any other income of the convicted person for a period of up to three years, or without any fine.

The note

1. In Articles of this Code, larceny means the unlawful, uncompensated seizure and/or the appropriation of other peoples property, committed with a mercenary purpose by a guilty person or by other persons, which has injured the owner or any other proprietor of this property.

2. Articles of this Code classify large-scale damage according to person's property status but it can't be less than 2 500 rubles.

4. Articles of this Code classify as large-scale the value of property the amount of which exceeds 250 000 rubles, and as especially large scale, the value of property the amount of which exceeds 1 000 000 rubles.

Article 307. Knowingly False Testimony, Expert Opinion, or Mistranslation

1. Knowingly false testimony of a witness, a victim or an expert's opinion, and also knowing mistranslation in court, or in a preliminary investigation,
shall be punishable by a fine in the amount of up to 80 000 rubles, or in the amount of the wage or salary, or any other income of the convicted person for a period of up to six months, or by compulsory works for a term of 180 up to 240 hours, or by corrective labor for a term of up to two years, or by arrest for a term of up to three months.
2. The same acts, joined with the accusation of a person of the commission of a grave or especially grave crime,
shall be punishable by deprivation of liberty for a term of up to five years.
Note: A witness, victim, expert, or interpreter shall be relieved from criminal responsibility if they of their own free will have stated that their testimony or opinion was false, or that interpretation was knowingly given wrongly in the course of an inquest, preliminary investigation, or court hearing.

Article 308. Refusal of a Witness or a Victim to Give Testimony

Refusal of a witness or a victim to give testimony
shall be punishable by a fine in the amount of up to 40 000 rubles, or in the amount of the wage or salary, or any other income of convicted person for a period of up to three months, or by compulsory works for a term of 120 to 180 hours, or by corrective labor for a term of up to one year, or by arrest for a term of up to three months.
Note: A person shall not be liable to criminal responsibility for the refusal to give testimony against himself, his spouse, or his close relatives.

Article 310. Disclosure of the Data of a Preliminary Investigation

Disclosure of the data of a preliminary investigation, by a person who is warned in the statutory manner that it is impermissible to disclose this information, if this act has been committed without the consent of a procurator, investigator, or a person conducting inquests,
shall be punishable by a fine in the amount of up to 80 000 rubles, or in the account of the wage or salary, or any other income of the convicted person for a period of up to six months, or by corrective labor for a term of up to two years, or by arrest for a term of up to three months.

The extract is true
Senior inspector of Investigative Department
Department of Internal Affairs of the Novgorod region
Captain of justice                                    Markina T.A.

appendix

Extract from the Procedure Criminal Code of the Russian Federation

Article 56. Witness

1. Witness is a person who can know some circumstances that can be important for investigation and criminal case disposal and who is called to give evidence.

2. Call and interrogation of witnesses are made according to the order set by articles 187 - 191 of the present Codes.

3. Can't be interrogated as witnesses:

1) Judge, the juryman - about circumstances of criminal case they found out in connection with production of the given criminal case;

2) Lawyer, the defender of suspected person, accused - about the circumstances, he/she found out because he/she was applied for legal aid or he/she was rendering it.

3) Lawyer - about circumstances he/she found out because he was rendering legal aid.

4) Minister of church - about the circumstances, he found out during confession;

5) Member of Council of Federation, the deputy of the State Duma without their consent - about circumstances they found out in connection with the realization of their powers.

4. Witness has a right:

1) To refuse to testify against him/herself, his spouse (her spouse) and other close relatives which circle is determined in item 4, article 5 of the present Code. If the witness agrees to testify, he/she should be warned that his/her prejudicial evidences can be used as proofs in criminal case even in case of his/her subsequent refusal of these evidences;

2) To give evidences in native language or language he/she can speak;

3) To use the help of the translator for free;

4) To demur translator who takes part in his/her interrogation;

5) To lodge petitions and to bring complaints about actions (inaction) and decisions of investigator, public prosecutor and court;

6) To come to interrogation with the lawyer according to part 5, article 189 of the present Code;

7) To petite for security measures set by the part 3, article 11 of the present Code.

5. Witness cannot be forcibly subjected to legal expertise or survey, except for the cases set by the first part, article 179 of the present Code.

6. Witness has no right:

1) To avoid appearance on investigator's inspector's, public prosecutor's call or in court;

2) To give knowingly false testimonies or refuse to give testimonies;

3) To disclose the data of a preliminary investigation, if he/she found out about it in production of criminal case if he/she has been warned beforehand according to article 161 of the present Code.

7. If the witness avoids appearance without reasonable excuse he/she can be brought to court.

8. Knowingly false testimonies or refusal of a witness to give testimonies shall be punished according to articles 307 and 308 Criminal code of the Russian Federation.

9. Disclosure of the Data of a Preliminary Investigation shall be punished according to article 310 of the Criminal code of the Russian Federation.

The extract is true

Senior inspector of Investigative Management
Department of Internal Affairs of the Novgorod region
Captain of justice                                      Markina T.A.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST     )
FROM RUSSIA                   )
IN THE MATTER OF        )   Misc No. 07-
NOVIS PLUS, LTD.        )

### ORDER

Upon application of the United States of America; and upon examination of a letter of request from Russia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Russia and the Court being fully informed in the premises, it is hereby

**ORDERED,** pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Russian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Russia, which procedures may be specified in the request or provided by the Russian authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Russian authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated:  This _____ day of _____, 2007.


_____
United States District Court Judge